MEEGHAN H. TIRTASAPUTRA (SBN 325572)
MTirtasaputra@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:   310.556.9828

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SUN CITY PUBLISHING, LLC, a
Florida limited liability company,

               Plaintiff,

     v.

MICHAEL KENNEY PKA
"KORDHELL," an individual;
KORDHELL, LLC, a California limited
liability company; THE ORCHARD
MUSIC, INC., a Delaware corporation;
SONY MUSIC ENTERTAINMENT,
INC., a Delaware corporation; and
DOES 1-10, inclusive,

               Defendants.

Case No. 8:22-cv-02311-JWH-JDE

**JOINT ANSWER OF
DEFENDANTS**

     Defendants Michael Kenney PKA "Kordhell" ("Kenney"), Kordhell, LLC ("Kordhell"), Orchard Enterprises NY, Inc. (erroneously named in the Complaint as The Orchard Music, Inc.) ("The Orchard"), and Sony Music Entertainment, (erroneously named in the Complaint as Sony Music Entertainment, Inc.) ("Sony Music") (collectively, "Defendants"), hereby submit their Joint Answer to the Complaint of Plaintiff Sun City Publishing, LLC ("Plaintiff"), as follows:

     1.    Defendants deny all allegations of the Complaint not expressly and specifically admitted below.

2. Paragraph 1 of the Introduction Section of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations alleged in paragraph 1 of the Introduction Section of the Complaint, and specifically deny they "illegally sampled" the songs identified in the Complaint, specifically deny Plaintiff is the owner of all or a portion of the copyright in the sound recordings *Pre Medatated* by Lil Slim and/or *Killa From Da Northside* by Lil Corb, and specifically deny they have knowledge or information sufficient to form a belief as to the financial compensation paid to Plaintiff and, therefore, deny the allegation on that basis.

### THE PARTIES

3. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Parties Section of the Complaint and, therefore, deny the allegations on that basis.

4. Defendants Kenney and Kordhell admit the allegations in paragraph 3 of the Parties Section of the Complaint. Defendants The Orchard and Sony Music do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Parties Section of the Complaint and, therefore, deny the allegations on that basis.

5. Defendants Kenney and Kordhell admit the allegations in paragraph 4 of the Parties Section of the Complaint. Defendants The Orchard and Sony Music do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Parties Section of the Complaint and, therefore, deny the allegations on that basis.

6. Answering paragraph 5 of the Parties Section of the Complaint, Defendants deny the allegations alleged therein and state that Orchard Enterprises NY, Inc. is erroneously named as The Orchard Music, Inc.

///

///

142740917.1

7.     Answering paragraph 6 of the Parties Section of the Complaint, Defendants deny the allegations alleged therein and state that Sony Music Entertainment is erroneously named as Sony Music Entertainment, Inc.

8.     Paragraph 7 of the Parties Section of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations alleged in paragraph 7 of the Parties Section of the Complaint, and specifically deny there was any conspiracy or agreement to deprive Plaintiff of its rights. Further answering, Defendants deny the existence of John Doe defendants and do not have knowledge or information sufficient to form a belief as to Plaintiff's intention to seek leave to amend and, therefore, deny that allegation on that basis.

## JURISDICTION AND VENUE

9.     Paragraph 1 of the Jurisdiction Section of the Complaint states a conclusion of law to which no responsive pleading is required.

10.    Paragraph 2 of the Jurisdiction Section of the Complaint states a conclusion of law to which no responsive pleading is required.

11.    Paragraph 3 of the Jurisdiction Section of the Complaint states a conclusion of law to which no responsive pleading is required.

## FACTS COMMON TO CLAIMS OF RELIEF

12.    Paragraph 4 of the Facts Section of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations of paragraph 4 of the Facts Section of the Complaint, specifically deny that Plaintiff's collective work registration of the Lil Slim album *Robberies (sic) My Specialty* as reported in U.S. Reg. No. SR0000905539 covered the individual works contained therein, and specifically deny that Plaintiff is the legal or beneficial owner of copyright in the sound recording *Pre Medatated*.

13.    Paragraph 5 of the Facts Section of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required,

3

142740917.1

Defendants deny the allegations of paragraph 5 of the Complaint, specifically deny that Plaintiff's collective work registration of the Lil Slim album *Robberies (sic) My Specialty* as reported in U.S. Reg. No. SR0000905539 covered the individual works contained therein, and specifically deny that Plaintiff is the legal or beneficial owner of copyright in the sound recording *Pre Medatated*.

14.     Paragraph 6 of the Facts Section of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations of paragraph 6 of the Facts Section of the Complaint, specifically deny that Plaintiff's collective work registration of the album *Killa From Da Northside* as reported in the 2020 U.S. Copyright Registration No. SR0000906901 covered the individual works contained therein, and specifically deny that Plaintiff is the legal or beneficial owner of copyright in the sound recording *Killa From Da Northside*.

15.     Answering paragraph 7 of the Facts Section of the Complaint, Defendants Kenney and Kordhell admit only that Kenney is a professional musician professionally known as Kordhell and that his recording of *Murder In My Mind* contains a *de minimis* sample of *Pre Medatated* which use was properly licensed by an owner of copyright in that sound recording. Defendants The Orchard and Sony Music do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Facts Section of the Complaint and, therefore, deny the allegations on that basis. Except as thus stated, Defendants deny the allegations in paragraph 7 of the Facts Section of the Complaint.

16.     Answering paragraph 8 of the Facts Section of the Complaint, Defendants deny the allegations alleged therein, except admit that *Murder In My Mind* has been streamed hundreds of millions of times.

17.     Answering paragraph 9 of the Facts Section of the Complaint, Defendants do not have knowledge or information sufficient to form a belief as to whether Plaintiff gave permission to others to use *Pre Medatated* and, therefore, deny

4

ANSWER TO COMPLAINT

that allegations on that basis. Further answering, Defendants deny permission from Plaintiff was required, and Defendants Kenney and Kordhell further state that an owner of the sound recording *Pre Medatated* licensed its use in the Kordhell recording *Murder In My Mind*.

18.     Answering paragraph 10 of the Facts Section of the Complaint, Defendants Kenney and Kordhell admit only that the Kordhell recording of *Killers From The Northside* contains a *de minimis* sample of *Killa From Da Northside*, which use was properly licensed by an owner of copyright in that sound recording. Defendants The Orchard and Sony Music do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Facts Section of the Complaint and, therefore, deny the allegations on that basis. Except as thus stated, Defendants deny the allegations in paragraph 10 of the Facts Section of the Complaint.

19.     Answering paragraph 11 of the Facts Section of the Complaint, Defendants deny the allegations alleged therein, except admit that *Killers From The Northside* has fewer streams on Spotify than *Murder In My Mind*.

20.     Answering paragraph 12 of the Facts Section of the Complaint, Defendants do not have knowledge or information sufficient to form a belief as to whether Plaintiff gave permission to others to use *Killa From Da Northside* and, therefore, deny that allegation on that basis. Further answering, Defendants deny permission from Plaintiff was required, and Defendants Kenney and Kordhell further state that an owner of the sound recording *Killa From Da Northside* licensed its use in the Kordhell recording *Killers From The Northside*.

21.     Answering paragraph 13 of the Facts Section of the Complaint, Defendants deny the allegations alleged therein, except admit that *Murder In My Mind* and *Killers From The Northside* are available on music platforms, including Spotify, iTunes, and YouTube.

///

5

ANSWER TO COMPLAINT

22.     Defendants deny the allegations of paragraph 14 of the Facts Section of the Complaint.

23.     Answering paragraph 15 of the Facts Section of the Complaint, Defendants deny the allegations alleged therein except admit that the gross revenue from the sale and distribution of the recordings *Murder In My Mind* and *Killers From The Northside* total over a million dollars as of the date of this answer.

### ATTORNEYS' FEES AND COSTS

24.     Paragraph 16 of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations alleged therein.

### FIRST CLAIM FOR RELIEF

25.     Answering paragraph 17, Defendants incorporate by reference their responses to paragraphs 1 through 16 of the prior Sections of the Complaint above (including paragraphs with duplicative numbering) as if they were fully set forth herein.

26.     Paragraph 18 of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in paragraph 18 of the Complaint, and specifically deny that they infringed any copyright owned by Plaintiff.

27.     Paragraph 19 of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in paragraph 19 of the Complaint, and specifically deny that they infringed any copyright owned by Plaintiff.

28.     Paragraph 20 of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in paragraph 20 of the Complaint, and specifically deny they infringed any copyright owned by Plaintiff.

///

ANSWER TO COMPLAINT

29.     Paragraph 21 of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in paragraph 21 of the Complaint, and specifically deny they infringed any copyright owned by Plaintiff.

30.     Paragraph 22 of the Complaint states a conclusion of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in paragraph 22 of the Complaint, and specifically deny they infringed any copyright owned by Plaintiff.

## **PLAINTIFF'S PRAYER FOR RELIEF**

31.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 1 of Plaintiff's Prayer for Relief in the Complaint.

32.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 2 of Plaintiff's Prayer for Relief in the Complaint.

33.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 3 of Plaintiff's Prayer for Relief in the Complaint.

34.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 4 of Plaintiff's Prayer for Relief in the Complaint.

35.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 5 of Plaintiff's Prayer for Relief in the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses to Plaintiff's Complaint. All such defenses are pled in the alternative, do not constitute an admission of liability, do not imply a concession that Plaintiff is entitled to any relief, and do not constitute an assumption of the burden of proof and/or persuasion that would otherwise rest on Plaintiff. Defendants allege that they cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses based on information subsequently acquired through discovery, investigation, or

7

142740917.1

otherwise, if and to the extent such affirmative defenses are applicable. Subject to the foregoing, for their affirmative defenses in this action, Defendants hereby assert and allege the following:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint and each claim for relief therein (in whole or in part) fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Substantial Similarity)

Plaintiff's claims for relief are barred (in whole or in part) because, to the extent Plaintiff's works were allegedly unlawfully copied, which Defendants expressly deny, after filtering out unprotected elements of Plaintiff's works the allegedly infringing material does not bear any substantial similarities to any protected elements of Plaintiff's works.

### THIRD AFFIRMATIVE DEFENSE
### (Public Domain)

Plaintiff's claims fail (in whole or part) because, to the extent Plaintiff's works were allegedly unlawfully copied, which Defendants expressly deny, the use was limited to material in the public domain that is not protectable under copyright.

### FOURTH AFFIRMATIVE DEFENSE
### (Not Copyrightable Subject Matter)

Plaintiff's claims for relief are barred (in whole or in part) because Plaintiff's purported copyrights do not contain copyrightable subject matter.

### FIFTH AFFIRMATIVE DEFENSE
### (Invalid Copyright Registration)

Plaintiff's claims for relief are barred (in whole or in part) by the fact that Plaintiff's copyright registrations are invalid or were obtained fraudulently or otherwise improperly.

ANSWER TO COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Registration)

To the extent Plaintiff failed to comply with the provisions of 17 U.S.C. §§ 411(a) and/or 412, and/or failed to register the individual works, including before Defendants' alleged acts of purported copyright infringement, Plaintiff's copyright claims are barred (in whole or in part), including as to statutory damages and attorneys' fees.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Causation)

Plaintiff did not suffer any harm as a result of any acts or omissions of the Defendants as alleged in the Complaint or otherwise, and any purported damages or harm to Plaintiff were the result of causes other than the acts or omissions of the Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

Plaintiff's claims fail (in whole or in part) because, to the extent the Defendants infringed on any of Plaintiff's rights under copyright, which Defendants expressly deny, the purported infringement was innocent rather than willful.

## NINTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Statutory Damages Not Available)

Plaintiff's recovery of attorneys' fees and statutory damages is barred (in whole or in part) because of, without limitation, the lack of prior or proper registration of the works under 17 U.S.C. § 412.

## TENTH AFFIRMATIVE DEFENSE

### (No Attributable Profits)

To the extent that Plaintiff seeks the recovery of profits or revenues of the Defendants arising from their sale or distribution of the recordings referenced in the Complaint, no such sales, revenues, or profits were attributable to or can be

9

ANSWER TO COMPLAINT

142740917.1

allocated or apportioned based upon the acts of infringement alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (License and Authorization)

Defendants' sales and distribution of the recordings were properly licensed and made pursuant to the authorization of an owner of copyright in each of the recordings.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff is barred from recovery (in whole or in part) because of and to the extent of its failure to mitigate its alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

Plaintiff's claims and remedies are barred (in whole or in part) by the three-year statute of limitations set forth under 17 U.S.C. § 507.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims for relief are barred (in whole or in part) by the equitable doctrine of laches because of Plaintiff's delay and the resulting prejudice to the Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff may not recover (in whole or in part) because it has waived its claims and/or rights to some or all of the relief sought.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims for relief are barred (in whole or in part) by the equitable doctrine of unclean hands.

ANSWER TO COMPLAINT

142740917.1

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Conduct Privileged, Reasonable and/or Justified)

Defendants' conduct with respect to Plaintiff, if any, was justified, privileged, and/or effected in good faith, without malice, spite, or conscious, reckless, or negligent disregard for the rights of Plaintiff, if any, and without improper purpose or ill will of any kind.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's claims fail (in whole or part) because, to the extent Plaintiff's works allegedly were copied, which the Defendants expressly deny, such uses were transformative and constituted "fair use" under 17 U.S.C. § 107.

## NINETEENTH AFFIRMATIVE DEFENSE

### (De Minimis Use)

Plaintiff's claims fail (in whole or in part) because, to the extent the Defendants infringed any of Plaintiff's rights under copyright, which Defendants expressly deny, the alleged infringement was de minimis.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Jury for Equitable Issues)

Plaintiff is not entitled to a jury trial on any equitable issues.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

The Defendants at this time have insufficient information upon which to form a belief as to whether they may have additional affirmative defenses. The Defendants reserve their rights to assert additional affirmative defenses in the event they discover facts upon which such affirmative defenses may be based.

///

///

///

11

ANSWER TO COMPLAINT

142740917.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREFORE, Defendants pray that the Court dismiss Plaintiff's Complaint with prejudice, award Defendants their reasonable attorneys' fees and costs incurred in connection with this lawsuit, and award Defendants such other and/or further relief as the Court deems just and proper.

Dated:  March 6, 2023                     **FOX ROTHSCHILD LLP**


                                          */s/ Meeghan H. Tirtasaputra*
                                          Meeghan H. Tirtasaputra
                                          On behalf of Defendants

ANSWER TO COMPLAINT

142740917.1